## HAY v. MALONE.

(Court of Appeals of District of Columbia. Submitted March 24, 1921. Decided May 2, 1921.)

### No. 1422.

1. **Trade-marks and trade-names ☞43—Single feature of mark, not used independently of other features, cannot be registered.**

On an application for registration of a trade-mark, consisting of an arbitrary name in connection with two portraits inclosed in a circle, opposed by the prior user of a trade-mark consisting of a different word similarly placed, the right of the applicant to register the word selected by him as a trade-mark need not be considered, where there was no proof that he had ever used it apart from the other features of the trade-mark, since there must be actual trade-mark use to entitle the owner to registration.

2. **Trade-marks and trade-names ☞43—Opposition sustained, where prior user of similar mark shows injury would result from registration.**

Where the prior user of a trade-mark shows that she would be injured by the registration of applicant's trade-mark, because of the similarity to hers, the opposition to the registration should be sustained.

Appeal from the Commissioner of Patents.

Application by Clarence C. Hay for the registration of a trade-mark, opposed by Annie M. Malone, doing business under the style and name of Poro College. From a decision of the Commissioner of Patents, denying registration, the applicant appeals. Affirmed.

Peyton Gordon and Hugh M. Sterling, both of Washington, D. C., for appellant.

John D. Rippey and L. C. Kingsland, both of St. Louis, Mo., for appellee.

VAN ORSDEL, Associate Justice. This is a trade-mark opposition proceeding, brought under section 6 of the Trade-Mark Act of February 20, 1905 (Comp. St. § 9491), and involves the right of appellant Hay to register the words "Hay-Po" as a trade-mark for hair dressing. The following is an illustration of the mark as actually used in trade:

The mark of the opposer, Malone, consists of substantially the same portraits "Before" and "After," with the word "Poro" printed above, all inclosed within a circle. Opposer has established prior use of her mark.

[1] It is unnecessary to pass upon appellant's right to register the word "Hay-Po" alone, since it does not appear that he has ever used it in trade independent of the other features of the mark as above shown. There must be actual trade-mark use to entitle the owner to registration. Hence appellant must stand or fall upon the actual use of the mark.

In a former proceeding, appellant attempted to register the mark above illustrated with the "Before" and "After" features, and was successfully opposed by appellee. On this point, the Commissioner, in his opinion, said:

"An applicant should not be allowed to register one feature of his mark when it discloses other prominent and material features. Such practice would enable an applicant using a compound mark, when rejected on a previous compound mark, to select the feature not shown in the prior mark and register it, and thus evade the rejection, although actually using a mark that infringed the prior mark. This would evidently lead to intolerable results."

[2] We think appellee has clearly established that she would be injured by the registration of appellant's mark, and, where that fact is shown, the opposition should be sustained.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.