## MALONE v. HAY.

(Court of Appeals of District of Columbia. Submitted November 16, 1925. Decided January 4, 1926.)

No. 1778.

1. **Trade-marks and trade-names and unfair competition ⚖═44—Decision of Patent Office, denying registration of particular trade-mark, held res judicata.**

Prior decision of Patent Office, affirmed by the Court of Appeals of the District of Columbia, denying registration of particular trade-mark in opposition to proceeding between same parties, *held* res judicata of right to register such mark in subsequent proceeding.

2. **Patents ⚖═112(1)—Doctrine of res judicata and estoppel by former judgment applies to adjudications made in Patent Office.**

Doctrine of res judicata and estoppel by former judgment applies to adjudications made in Patent Office.

Appeal from the Commissioner of Patents.

Proceeding for registration of trade-mark by Clarence C. Hay, opposed by Annie M. Malone, doing business under the style and name of Poro College. From a decision of the Commissioner of Patents, overruling the opposition, opposer appeals. Decision reversed.

See, also, —— App. D. C. ——, 10 F.(2d) 906.

J. D. Rippey and L. C. Kingsland, both of St. Louis, Mo., for appellant.

J. F. Byrne, L. F. Randolph, and J. W. Milburn, all of Washington, D. C., and C. M. Bryan, of Memphis, Tenn., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, overruling an opposition filed by the appellant in a trade-mark registration proceeding.

The appellee, Clarence Hay, applied for the registration of a trade-mark consisting of the hyphenated term "Hay-Po," for use on rouge, dandruff remedy, and hair tonic, face powder, pressing oil, and dandruff dissolvent, and ointment for straightening the hair.

The appellant, Annie M. Malone, doing business under the name of Poro College, filed an opposition to the application because of the alleged similarity of "Hay-Po" with her registered trade-mark "Poro," used

upon preparations for the treatment of the hair and for hair dressings.

The opposer claimed that the issue thus raised by the opposition had been passed upon in similar proceedings between the same parties, and that both the Patent Office and this court had entered decisions against the applicant upon said issue, and that these were still in full force and effect. The opposer accordingly contended that the applicant was barred by the rule of res judicata from again contesting said opposition. The opposer cited, among other proceedings, the case of Hay v. Malone, 50 App. D. C. 399, 273 F. 363, claiming that it involved the same issue as the present contest, that it was between the same parties, that the court decided the issue in favor of the opposer, and that the decision is still in full force and effect between the parties.

The Examiner of Interferences sustained the opposition. This decision was reversed by the Commissioner of Patents, from whose ruling this appeal was taken.

[1] We think that the appellant's claim of res judicata should have been sustained, because of the decisions of the Patent Office in opposition No. 2777, Malone v. Hay, which were affirmed by this court in Hay v. Malone, supra, and that the applicant was effectually barred by these decisions from contesting the opposition now at issue. In both proceedings the applicant applied for the registration of "Hay-Po" as his trade-mark for hair preparations. Each application was opposed by the appellant, because of her registered trade-mark "Poro" for similar preparations. The first opposition was sustained, and that decision remains in full force and effect. The applicant's proposed trade-mark in each proceeding is "Hay-Po"; the only variation being in the specimens filed in the first proceeding to show the manner of its use upon applicant's goods. The two proceedings accordingly present the same issue, and the second application is merely an attempt to relitigate the issue, notwithstanding the former decision.

It is claimed by the appellee that in the former case this court did not pass upon his right to register the word "Hay-Po" alone, but only passed upon the registration of that word in combination with certain pictures and lettering. This claim is not correct. The court stated in the decision that the trade-mark which the applicant sought to register consisted of the word "Hay-Po," but that it appeared that the applicant had never used the word alone in trade, and consequently

it was unnecessary to pass upon his right to register it, since "there must be actual trade-mark use to entitle the owner to registration." The court accordingly affirmed the decision of the Commissioner of Patents, which sustained the opposition and denied registration.

This affirmance gave full force and effect to the concurring decisions entered below in the case by the Examiner of Interferences and the Commissioner of Patents, whereby the opposition of Malone to Hay's application for the registration of "Hay-Po" alone was fully sustained.

[2] The doctrine of res judicata, or estoppel by former judgment, applies to adjudications made in the Patent Office. Blackford v. Wilder, 28 App. D. C. 535; Horine v. Wende, 29 App. D. C. 415; United States ex rel. Newcomb Motor Co. v. Moore, 30 App. D. C. 464; Carroll v. Hallwood, 31 App. D. C. 165; Carter Medicine Co. v. Barclay, 36 App. D. C. 123; Sutton v. Wentworth, 41 App. D. C. 582.

The decision of the Commissioner of Patents, overruling the decision of the Examiner of Interferences, refusing registration, is reversed.